ORIGINAL

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

MAY 2 7 2005

LUTHER D. THOMAS, Clerk
By: _____ Deputy Clerk

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| NERESSA CARR, | * | CIVIL ACTION |
| | * | |
| Plaintiff, | * | FILE NO. **1:05-CV-1395** |
| | * | |
| v. | * | |
| | * | |
| BOARD OF REGENTS OF | * | |
| THE UNIVERSITY SYSTEM OF | * | |
| GEORGIA, d/b/a KENNESAW | * | |
| STATE UNIVERSITY | * | **JOF** |
| | * | |
| Defendant. | * | |

### NOTICE OF REMOVAL

TO:  The Judges of the United States District Court for the
Northern District of Georgia, Atlanta Division, and
Lorna Sills Katica, attorney for Plaintiff.

COMES NOW the Defendant in the above-styled matter and
pursuant to 28 U.S.C. §§ 1441 and 1446, and within the time
prescribed by law, file this Notice of Removal.  Defendant files
this notice subject to and without waiving any defenses
available to the Defendant under state and federal law.
Defendant respectfully shows the Court as follows:

1.

Plaintiff, Neressa Carr, has brought a civil action against
the Defendant named above in the Superior Court of Fulton

FORMS RECEIVED
Consent to US Mag.
Pretrial Instructions
Title VII NFC



County, State of Georgia, said action being designated as
*Neressa Carr v. Board of Regents of the University System of
Georgia, d/b/a, Kennesaw State University*, Civil Action File No.
2005CV100458. Plaintiff seeks to recover damages from
Defendants pursuant to 42 U.S.C. § 1983, Title VI of the Civil
Rights Act (42 U.S.C. § 2000d et. seq.), and other causes of
action.

2.

This action is a civil action brought, in part, pursuant to
42 U.S.C. § 1983 and Title VI of the Civil Rights Act (42 U.S.C.
§ 2000d et. seq.). Plaintiff's causes of action present, in
part, federal questions over which this Court has original
subject matter jurisdiction under the provision of 28
U.S.C. § 1331, and, accordingly, is one which may be removed to
this Court pursuant to the provisions of 28 U.S.C. §§ 1441(b),
1441(c), and 1443. Defendant attaches hereto as Exhibit "A" a
copy of the Complaint filed on or about April 29, 2005 in the
Superior Court of Fulton County, State of Georgia.

3.

Defendant Board of Regents of the University System of
Georgia, d/b/a Kennesaw State University, was served with the
Summons and Complaint on April 29, 2005. Defendant attaches
hereto as Exhibit "B" a copy of the Summons addressed to the

Board of Regents of the University System of Georgia, c/o Associate Vice Chancellor Elizabeth Neely.

4.

On May 27, 2005, Defendant filed its Answer and Defenses to Plaintiff's Complaint in the Superior Court of Fulton County, State of Georgia. Defendant attaches hereto as Exhibit "C" a copy of the Answer filed in the Superior Court of Fulton County.

5.

Defendant attaches hereto as "Exhibit "D" a true and accurate copy of the Notice of Removal filed in the Superior Court of Fulton County, State of Georgia.

6.

Exhibits "A" through "D" constitute all process, pleadings, and orders which have either been served on the Defendant or filed by Defendant in the Superior Court of Fulton County, State of Georgia.

7.

Defendant consents to the Removal of this action and submits this removal action within 30 days from the date of the service of the Summons and Complaint upon Defendant. Defendant consents to this notice subject to and without waiving any defenses available to the Defendant under state or federal law.

3

WHEREFORE, Defendant moves that this Notice of Removal be filed, that said action be removed to and proceed in the United States District Court for the Northern District of Georgia, Atlanta Division and that no further proceedings be had in said case in the Superior Court of Fulton County.

Respectfully submitted,

THURBERT E. BAKER          033887
Attorney General

KATHLEEN M. PACIOUS        558555
Deputy Attorney General

JOHN C. JONES              401250
Senior Assistant Attorney General

RALPH W. ELLIS             295840
Assistant Attorney General

Please serve:

RALPH W. ELLIS
Assistant Attorney General
40 Capitol Square, S.W.
Atlanta, Georgia  30334-1300
(404) 463-8850 - PHONE
(404) 651-5304 - FAX

## IN THE SUPERIOR COURT OF FULTON COUNTY
## STATE OF GEORGIA

NERESSA CARR,       )
      )
Plaintiff,       )
      )    CIVIL ACTION
v.       )    FILE NO. 3605CV100458
      )
BOARD OF REGENTS of the UNIVERSITY       )
SYSTEM OF GEORGIA d/b/a Kennesaw       )    Jury Trial Demanded
State University,       )
      )
Defendant.       )
      )

## COMPLAINT

NOW COMES, Plaintiff Neressa Carr ("Carr"), by and through counsel, and hereby files

this Complaint against Defendant Board of Regents of the University System of Georgia ("Board

of Regents") d/b/a Kennesaw State University ("KSU") and alleges as follows:

## I.
## PARTIES AND JURISDICTION

1.

Plaintiff, a black female, is a resident of the State of Georgia, and currently resides in

Cobb County. She was a final year student in the Nursing Program with Defendant, and had an

excellent academic record with Defendant.

2.

Defendant Board of Regents is subject to the jurisdiction of this court.

3.

The Board of Regents is an entity of the State of Georgia, created by O.C.G.A. § 20-3-20.



4.

KSU is a division of the University System of Georgia, and is maintained and operated by the Board of Regents.

5.

The Board of Regents maintains its office 270 Washington Street, SW, Atlanta, Georgia, 30334 and may be served through its Associate Vice Chancellor Elizabeth Neely.

## II.
## VENUE

6.

Venue is properly laid in Fulton County pursuant to O.C.G.A. § 14-2-510.

## III.
## FACTS COMMON TO ALL COUNTS

7.

On or about May 1, 2003, KSU Department of Public Safety received an incident report regarding the possible theft of two textbooks.

8.

As a result, Carr was subsequently interviewed, and she explained that she had found the textbooks and sold them back to the University store.

9.

Notwithstanding Plaintiff's explanation, several days later, pursuant to a criminal complaint made by Defendant, an arrest warrant was issued for Plaintiff's arrest.

10.

Carr spent eight hours in the Cobb County Jail.

11.

On or about June 13, 2003, an administrative hearing was held regarding the incident of May 1, 2003.

12.

Dr. Nancy King suspended Plaintiff for two years.

13.

Pursuant to Defendant's rules and regulations, Plaintiff requested an appeal of the administrative decision of Dr. Nancy King, but Plaintiff never received a response from Dr. King, and Defendant did not grant Plaintiff an appeal.

14.

Plaintiff contacted the chairperson of the nursing program, Dr. Bennett. Dr. Bennett recommended that Plaintiff make an appointment with the president of the university, President Siegel.

15.

Plaintiff attempted to make several appointments with the President, but Lynda Johnson informed Plaintiff that the President had a very hectic schedule. After several weeks of attempting to meet with the President, Plaintiff was told that she would receive a letter from the President.

16.

The letter from the President stated that Plaintiff had made conflicting statements to someone called Dr. Sowell, and suggested that Plaintiff move on with her life.

17.

Plaintiff has never spoken to a Dr. Sowell.

18.

Next, Plaintiff contacted the school's attorney, Ms. Flora Devine. Ms. Devine stated that she would try to help, however nothing came of the conversation.

19

Similarly, Lynda Johnson stated that she would set up a meeting for Plaintiff with President Siegel, Dr. Bennett, Dr. Sowell and Dr. King, but that did not materialize either.

20.

Plaintiff attended Kennesaw State University pursuant to a written agreement.

21.

This written agreement includes passages from the *Kennesaw State University 2002-2003 Undergraduate Catalog,* which sets forth disciplinary provisions at KSU.

22.

At the time of the incident in question, Defendant had no rule set forth in its Undergraduate catalog prohibiting the resale of textbooks to the school store, and there were no disciplinary provisions addressing the allegations made against Plaintiff. Also, at the time of the incident, Defendant set forth no sanction for the alleged unauthorized use or sale of school textbooks.

23.

At all times material hereto, Defendant was a governmental entity, and all actions of Defendant constituted official actions of such entity, and constituted state action within the meaning of the federal laws applicable herein.

# IV
# CLAIMS

## COUNT I
## Breach of Contract

### 24.

Plaintiff hereby asserts a breach of written contract claim against the Board of Regents pursuant to Georgia statutory and common law.

### 25.

Plaintiff hereby incorporates paragraphs 1-23 as if completely restated herein.

### 26.

Defendant Board of Regents had a written agreement with Plaintiff.

### 27.

This agreement included the *Kennesaw State University 2002-2003 Undergraduate Catalog*, which sets forth disciplinary provisions at KSU.

### 28.

This written agreement was violated when Plaintiff was suspended for two years by Defendant.

### 29.

This written agreement was also violated when Defendant failed to follow its own rules, regulations and procedures with regard to the hearing, appellate procedures and sanctions imposed against Plaintiff, including the suspension of Plaintiff for two years for conduct that was not prohibited by Defendant at the time of the incident.

30.

As a proximate result of this breach of contract, Plaintiff has suffered actual and pecuniary damages, including, but not limited to, lost tuition, loss of her ability to earn her Nursing degree, future lost wages in her career as a nurse, and consequential damages.

## COUNT II

### Violation of 42 U.S.C. Section 1983, Based Upon Violation of Due Process

31.

This cause of action is violation of 42 U.S.C. Section 1983, based upon a violation by Defendant of Plaintiff's due process rights in her education under the Fifth Amendment as incorporated by the Fourteenth Amendment to the United States Constitution and the due process clause of the Georgia Constitution, GA CONST Art 1, §1, ¶ I, pursuant to O.C.G.A. § 9-6-20.

32.

Plaintiff hereby incorporates paragraphs 1-23 as if completely restated herein.

33.

Plaintiff has a property interest in her education at KSU.

34.

Defendant suspended Plaintiff for two years pursuant to a handbook that was not in effect at the time of her conduct, and failed to follow its own rules, regulations and procedures with regard to the charges, hearing and appellate procedures applicable at the time.

35.

Plaintiff was deprived of her property interest in her education without due process of law pursuant to the Fifth Amendment as incorporated by the Fourteenth Amendment of the United

6

States Constitution and the due process clause of the Georgia Constitution, GA CONST Art 1, §1, ¶ I.

36.

As a proximate result of this violation of her constitutional rights, Plaintiff has suffered actual and pecuniary damages, including, but not limited to, lost tuition, loss of her ability to earn her Nursing degree, future lost wages in her career as a nurse, and consequential damages.

37.

Plaintiff also prays for an award of her attorney's fees and costs to the extent allowable under 42 U.S.C. §1983, et seq., for violation of her constitutional rights.

## COUNT III.

### Violation of 42 U.S.C. Section 1983, Based Upon a Violation of the Equal Protection Clause under Fourteenth Amendment of United States Constitution

38.

This cause of action is violation of 42 U.S.C. Section 1983, based upon a violation of Plaintiff's equal protection rights in her education under the Fourteenth Amendment to the United States Constitution of the Georgia Constitution, GA CONST Art 1, §1, ¶ I, pursuant to O.C.G.A. § 9-6-20.

39.

Paragraphs 1 through 23 are incorporated herein by reference.

40.

White students in KSU's undergraduate program who have been charged with theft or with similar violations as Plaintiff have been given better treatment procedurally, and have been

7

given lesser sanctions than Plaintiff, and white KSU students have been punished less severely than Plaintiff for alleged violations of the student handbook than similarly situated black KSU students.

41.

The sanction given to Plaintiff was motivated in part by Plaintiff's race, black.

42.

The discrimination of Defendant was caused by its official actions, and the resulting unequal enforcement of its disciplinary rules against black students is the direct result of its discriminatory purpose and intent.

43.

As a direct and proximate result of Defendant's violation of 42 U.S.C. §1983, and violation of Plaintiff's constitutional rights to equal protection under the law, Plaintiff has suffered actual, compensatory, and pecuniary damages, including but not limited to, lost tuition, loss of her ability to earn her nursing degree, loss of her reputation, pain and suffering, emotional distress, loss of future wages in her anticipated career as a nurse, and other damages to been determined at trial.

44.

Plaintiff also prays for an award of her attorney's fees and costs to the extent allowable under 42 U.S.C. §1983, et seq., for violation of her constitutional rights.

## COUNT IV

## Violation of Title VI of the Civil Rights Act

45.

This cause of action is violation of Plaintiff's rights in her education under Title VI of the Civil Rights Act, 42 USCA § 2000d et. seq.

46.

Paragraphs 1 through 23 are incorporated herein by reference.

47.

Defendant receives federal funding and is therefore subject to Title VI of the Civil Rights Act.

48.

White students in KSU's undergraduate program who have been charged with theft or with similar violations as Plaintiff have been given better treatment procedurally, and have been given lesser sanctions than Plaintiff, and white KSU students have been punished less severely than Plaintiff for alleged violations of the student handbook than similarly situated black KSU students.

49.

The failure to give Plaintiff an appeal of the administrative decision, the failure ot follow its rules, regulations and procedures, and the inappropriate sanction of the suspension given to Plaintiff was motivated in part by Plaintiff's race, black.

50.

By engaging in the aforementioned adverse treatment of Plaintiff, Defendant adversely affected the terms and conditions of Plaintiff's education with Defendant.

9

51.

By engaging in the aforementioned adverse treatment of Plaintiff, Defendant discriminated against Plaintiff on the basis of her race, black.

52.

As a direct and proximate result of Defendant's violation of Plaintiff's statutory rights to be free from discrimination on the basis of her race under Title VI of the Civil Rights Act, Plaintiff has suffered actual, compensatory, and pecuniary damages, including but not limited to, lost tuition, loss of her ability to earn her nursing degree, loss of her reputation, pain and suffering, emotional distress, loss of future wages in her anticipated career as a nurse, and other damages to been determined at trial.

53.

Plaintiff also prays for an award of her attorney's fees and costs to the extent allowable pursuant to Title VI of the Civil Rights Act.

## V.
## DEMAND FOR TRIAL BY JURY

54.

Plaintiffs hereby demand a trial by jury on all issues triable by a jury.

WHEREFORE, Plaintiff demands that this Court:

(i)     Enter judgment against Defendant on all Counts of the Complaint;

(ii)    Award Plaintiff actual, compensatory and other damages as set forth above, plus interest thereon.

(iii)   Award Plaintiffs costs and attorneys fees, pursuant to O.C.G.A. § 13-6-11 and 9-15-14, and the extent allowable under the Counts set forth above; and

(iv)    Grant such other and further relief as it may deem is just and proper.


Respectfully submitted,

This the 29 th day of April, 2005


                                        Katica Law Group LLC


                                        By: _____
                                        Lorna Sills Katica
                                        Georgia Bar No. 408655
                                        One Alliance Center
                                        3500 Lenox Road
                                        Suite 1500
                                        Atlanta, GA 30326
                                        (404) 419-2485
                                        Fax: (404) 419-2486
                                        **Counsel for Plaintiff**

11

b2285

APR 2 9 2005

NERESSA CARR,          )
                             )

Plaintiff,          )

                             )  CIVIL ACTION

v.                )  FILE NO. 2005CV100458

                             )

BOARD OF REGENTS of the UNIVERSITY  )
SYSTEM OF GEORGIA d/b/a Kennesaw  )
State University,           )

                             )

Defendant.          )

                             )

## SUMMONS

Board of Regents of the University System of Georgia
c/o Associate Vice Chancellor Elizabeth Neely
270 Washington Street, SW,
Atlanta, Georgia, 30334

TO THE ABOVE NAMED DEFENDANT:

You are hereby summoned and require to file with the clerk of said court and serve upon the Plaintiffs' attorney, whose name and address is:

> Lorna Sills Katica
> Katica Law Group, LLC
> One Alliance Center
> 3500 Lenox Road
> Suite 1500
> Atlanta, GA 30326

An answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This 29 day of April, 2005.

_____
Clerk of Court

EXHIBIT
"B"
Blumberg No. 5208

## IN THE SUPERIOR COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| NERESSA CARR, | * | CIVIL ACTION |
| | * | |
| Plaintiff, | * | FILE NO. 2005CV100458 |
| | * | |
| v. | * | |
| | * | |
| BOARD OF REGENTS OF | * | |
| THE UNIVERSITY SYSTEM OF | * | |
| GEORGIA, d/b/a KENNESAW | * | |
| STATE UNIVERSITY | * | |
| | * | |
| Defendant. | * | |

## ANSWER AND DEFENSES

COMES NOW the Board of Regents of the University System of Georgia, d/b/a Kennesaw State University, (hereinafter collectively referred to as "Defendant"), and within the time permitted by law, files this its Answer and makes known its defenses to Plaintiff's Complaint showing this Court the following:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

This action is barred, in whole or in part, by sovereign immunity.



## THIRD DEFENSE

Subject matter jurisdiction is lacking, in whole or in part, in this case.

## FOURTH DEFENSE

Personal jurisdiction is lacking, in whole or in part, in this case.

## FIFTH DEFENSE

Defendant has at all times acted in good faith and in a reasonable and prudent manner, exercising the degree of due care required in carrying out any duties allegedly owed to Plaintiff and has completely carried out its duties in a reasonable and prudent manner.

## SIXTH DEFENSE

Plaintiff has not been deprived of any rights, privileges or immunities secured under the United States Constitution or the laws of the United States and the State of Georgia.

## SEVENTH DEFENSE

Defendant has acted at all times upon the existence of reasonable grounds of belief formed at the time and in light of all circumstances known to them.

## EIGHTH DEFENSE

Plaintiff's claims and remedies are barred, in whole or in part, by the applicable statute of limitations.

## NINTH DEFENSE

The Board of Regents of the University System of Georgia, d/b/a Kennesaw State University, is not a "person" subject to suit under 42 U.S.C. § 1983.

## TENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff's Complaint alleges liability based on the doctrine of *respondeat superior* or any other theory of vicarious liability.

## ELEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the Eleventh Amendment to the United States Constitution.

## TWELTH DEFENSE

Any due process claim must be dismissed as adequate post-deprivation process is all the State must provide in the event of an alleged deprivation of either a liberty or property interest.

## THIRTEENTH DEFENSE

Any alleged deprivation in relation to Plaintiff's due process claim did not result from any established state procedure.

## FOURTEENTH DEFENSE

Plaintiff's breach of contract claim must be dismissed because Plaintiff did not have an express written contract with Defendant.

## FIFTEENTH DEFENSE

Plaintiff does not have a valid equal protection claim because Plaintiff's allegations do not warrant the heightened scrutiny applied to suspect classifications and any actions were rationally related to a legitimate state interest.

## SIXTEENTH DEFENSE

Plaintiff's Complaint should be dismissed, in whole or in part, due to failure of process, improper service of process, or insufficiency of service of process.

## SEVENTEENTH DEFENSE

All actions taken by Defendant with respect to Plaintiff were taken for legitimate, non-discriminatory reasons.

4

## EIGHTEENTH DEFENSE

Defendant is not liable to Plaintiff because they have not discriminated against Plaintiff on the basis of her race or any other unlawful factor.

## NINETEENTH DEFENSE

Defendant reserves the right to raise any additional defenses allowed by law as evidence is discovered in pursuit of this litigation. Without waiving any defenses, Defendant responds to the specific sections of Plaintiff's Complaint as follows:

## I.

## PARTIES AND JURISDICTION

1.

Defendant is without sufficient knowledge or information at this time to form a belief as to the truth of the allegations contained in Paragraph 1 and, therefore, Defendant denies these allegations and demands strict proof of same.

2.

Defendant denies the allegations contained in Paragraph 2.

3.

Defendant admits the allegations contained in Paragraph 3.

4.

Defendant denies, as stated, the allegations contained in Paragraph 4. By way of further response, Defendant submits that Kennesaw State University is a member institution of the University System of Georgia and the Board of Regents has the statutory and constitutional authority to govern, control and manage the institutions within the University System of Georgia.

5.

Defendant admits the allegations contained in Paragraph 5.

## II.

### VENUE

6.

Defendant denies the allegations contained in Paragraph 6.

## III.

### FACTS COMMON TO ALL COUNTS

7.

Defendant denies, as stated, the allegations contained in Paragraph 7. By way of further response, Defendant submits that on or about May 1, 2003, the Kennesaw State University Department of Public Safety received a report regarding the possible theft of four (4) textbooks.

6

8.

Defendant denies, as stated, the allegations in Paragraph 8. By way of further response, Defendant submits that Plaintiff initially told Kennesaw State University police that the books belonged to her former roommate, Tamia Wilson, who was a student at Emory University. Plaintiff said the roommate had moved out in January 2003 and left the books. When asked, Plaintiff stated that she took the calculus book into the bookstore with her on May 1, 2003 because her book bag was too full to hold it and that was why she was seen with that book in her possession inside the bookstore. Plaintiff then told Kennesaw State University police she was willing to pay for the two (2) books from the Kennesaw State University Bookstore. Plaintiff then changed her story to tell police that two (2) of the books came from her former roommate and that she had taken the other two (2) books from a table in the Kennesaw State University student center where they were unattended.

9.

Defendant denies, as stated, the allegations contained in Paragraph 9. By way of further response, Defendant submits that on May 9, 2003, Kennesaw State University Police obtained a warrant for Plaintiff for the charge of Theft by Shoplifting and Theft by Deception. Plaintiff was telephoned by Kennesaw State

7

University police and advised on how to turn herself in if she so desired.

10.

Defendant is without sufficient knowledge or information at this time to form a belief as to the truth of the allegations contained in Paragraph 10 and, therefore, Defendant denies these allegations and demands strict proof of same.

11.

Defendant admits the allegations contained in Paragraph 11.

12.

Defendant admits the allegations contained in Paragraph 12.

13.

Defendant denies the allegations contained in Paragraph 13. By way of further response, Defendant submits that Plaintiff did not follow Kennesaw State University rules on appealing judiciary decisions.

14.

Defendant is without sufficient knowledge or information at this time to form a belief as to the truth of the allegations contained in Paragraph 14 and, therefore, Defendant denies these allegations and demand strict proof of same.

**15.**

Defendant is without sufficient knowledge or information at this time to form a belief as to the truth of the allegations contained in Paragraph 15 and, therefore, Defendant denies these allegations and demands strict proof of same.

**16.**

Defendant denies, as stated, the allegations contained in Paragraph 16. By way of further response, Defendant submits that Dr. Siegel's August 20, 2003 correspondence to Plaintiff stated that "regrettably, you have made some bad decisions; those decisions have since been compounded by the conflicting stories that you relayed to Dr. King and Dr. Sowell...please take the time to carefully consider the circumstances that brought you to this place, weigh the cost of your actions, and then determine what you must do in order to successfully move forward with your life."

**17.**

Defendant denies the allegations contained in Paragraph 17.

**18.**

Defendant is without sufficient knowledge or information at this time to form a belief as to the truth of the allegations contained in Paragraph 18 and, therefore, Defendant denies these allegations and demands strict proof of same.

9

19.

Defendant is without sufficient knowledge or information at this time to form a belief as to the truth of the allegations contained in Paragraph 19 and, therefore, Defendant denies these allegations and demands strict proof of same.

20.

Defendant denies the allegations contained in Paragraph 20.

21.

Defendant denies, as stated, the allegations contained in Paragraph 21. Defendant further denies that the Kennesaw State University 2003-2003 Undergraduate Catalog constitutes an express written contract between Plaintiff and Defendant. By way of further response, Defendant submits that the undergraduate catalog does contain the Kennesaw State University student code of conduct.

22.

Defendant denies the allegations contained in Paragraph 22.

23.

Defendant is without sufficient knowledge or information at this time to form a belief as to the truth of the allegations contained in Paragraph 23 and, therefore, Defendant denies these allegations and demands strict proof of same. By way of further

10

response, Defendant denies that it is subject to suit pursuant to 42 U.S.C. § 1983.

## IV.

## CLAIMS

## COUNT I

## Breach of Contract

24.

Defendant admits that Plaintiff has stated that she is "assert[ing] a breach of written contract claim against the Board of Regents pursuant to Georgia statutory and common law" as alleged in Paragraph 24 but Defendant denies the existence of any express written contract between Plaintiff and Defendant and/or that any such "contract" was breached.

25.

In response to Paragraph 25 of the Complaint, Defendant adopts and incorporates by reference its responses to paragraphs 1 through 23 of the Complaint as if restated in full and set forth specifically herein.

26.

Defendant denies the allegations contained in Paragraph 26.

27.

Defendant denies the allegations contained in Paragraph 27.

11

28.

Defendant denies the allegations contained in Paragraph 28.

29.

Defendant denies the allegations contained in Paragraph 29.

30.

Defendant denies the allegations contained in Paragraph 30.

## COUNT II

## Violation of 42 U.S.C. Section 1983, Based Upon
## Violation of Due Process

31.

Defendant admits that Plaintiff has referenced the constitutional and statutory bases for her claims in Paragraph 31 but Defendant denies that Plaintiff is entitled to any relief whatsoever under those provisions or otherwise.

32.

In response to Paragraph 32 of the Complaint, Defendant adopts and incorporates by reference its responses to paragraphs 1 through 23 of the Complaint as if restated in full and set forth specifically herein.

33.

Defendant denies the allegations contained in Paragraph 33.

34.

Defendant denies the allegations contained in Paragraph 34.

12

35.

Defendant denies the allegations contained in Paragraph 35.

36.

Defendant denies the allegations contained in Paragraph 36.

37.

Defendant denies the allegations contained in Paragraph 37.

## COUNT III.

## Violation of 42 U.S.C. Section 1983, Based Upon a Violation of the Equal Protection Clause under Fourteenth Amendment of United States Constitution.

38.

Defendant admits that Plaintiff has referenced the constitutional and statutory bases for her claims in Paragraph 38 but Defendant denies that Plaintiff is entitled to any relief whatsoever under those provisions or otherwise.

39.

In response to Paragraph 39 of the Complaint, Defendant adopts and incorporates by reference its responses to paragraphs 1 through 23 of the Complaint as if restated in full and set forth specifically herein.

40.

Defendant denies the allegations contained in Paragraph 40.

41.

Defendant denies the allegations contained in Paragraph 41.

42.

Defendant denies the allegations contained in Paragraph 42.

43.

Defendant denies the allegations contained in Paragraph 43.

44.

Defendant denies the allegations contained in Paragraph 44.

## COUNT IV

## Violation of Title VI of the Civil Rights Act

45.

Defendant admits that Plaintiff has referenced the statutory bases for her claims in Paragraph 45 but Defendant denies that Plaintiff is entitled to any relief whatsoever under those provisions or otherwise.

46.

In response to Paragraph 46 of the Complaint, Defendant adopts and incorporates by reference its responses to paragraphs 1 through 23 of the Complaint as if restated in full and set forth specifically herein.

47.

Defendant is without sufficient knowledge or information at this time to form a belief as to the truth of the allegations contained in Paragraph 47 and, therefore, Defendant denies these allegations and demands strict proof of same. By way of further

14

response, Defendant denies that Plaintiff is entitled to any relief whatsoever under Title VI of the Civil Rights Act.

48.

Defendant denies the allegations contained in Paragraph 48.

49.

Defendant denies the allegations contained in Paragraph 49.

50.

Defendant denies the allegations contained in Paragraph 50.

51.

Defendant denies the allegations contained in Paragraph 51.

52.

Defendant denies the allegations contained in Paragraph 52.

53.

Defendant denies the allegations contained in Paragraph 53.

## V.

### DEMAND FOR TRIAL BY JURY

54.

Defendant admits that Plaintiff has demanded "a trial by jury on all issues triable by a jury" in Paragraph 54.

### PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to any damages and relief whatsoever as requested in Plaintiff's Prayer for Relief.

15

As to each allegation not specifically admitted, denied or otherwise controverted heretofore, Defendant denies such allegation.

WHEREFORE, Defendant respectfully request that Plaintiff's Complaint be dismissed, that Plaintiff's prayers for relief be denied in each and every particular with all costs cast upon Plaintiff, and for such other relief as this Court may deem just and proper, including but not limited to an award of reasonable attorney's fees and costs incurred by the Defendant in the defense of this action.

Respectfully submitted,

THURBERT E. BAKER          033887
Attorney General

KATHLEEN M. PACIOUS        558555
Deputy Attorney General

JOHN C. JONES              401250
Senior Assistant Attorney General

RALPH W. ELLIS            295840
Assistant Attorney General

Please Address All
Communications To:
RALPH W. ELLIS
Department of Law
40 Capitol Square, S.W.
Atlanta, Georgia  30334-1300
PH:    (404) 463-8850
FAX:   (404) 651-5304

16

## CERTIFICATE OF SERVICE

I do hereby certify that I have this day served the within and foregoing **ANSWER AND DEFENSES**, prior to filing the same, by depositing a copy thereof, postage prepaid, in the United States Mail, properly addressed to the following:

> Lorna Sills Katica, Esq.
> Katica Law Group, L.L.C.
> One Alliance Center
> 3500 Lenox Road
> Suite 1500
> Atlanta, Georgia 30326

This ___ day of May, 2005.

RALPH W. ELLIS    295840
Assistant Attorney General

| | | |
|---|---|---|
| NERESSA CARR, | * | CIVIL ACTION |
| | * | |
| Plaintiff, | * | FILE NO. 2005CV100458 |
| | * | |
| v. | * | |
| | * | |
| BOARD OF REGENTS OF | * | |
| THE UNIVERSITY SYSTEM OF | * | |
| GEORGIA, d/b/a KENNESAW | * | |
| STATE UNIVERSITY | * | |
| | * | |
| Defendant. | * | |

## NOTICE OF REMOVAL

TO: The Clerk of the Superior Court of Fulton County,

State of Georgia, and Lorna Sills Katica, attorney for

Plaintiff.

PLEASE TAKE NOTICE that Defendant has, on this date, filed in the United States District Court for the Northern District of Georgia, Atlanta Division, a Notice of Removal of this action to said Court subject to and without waiving any defenses available to Defendant under state and federal law. Defendant consents to the Removal of this action. A copy of the Notice of Removal filed in the United States District Court for the Northern District of Georgia, Atlanta Division is attached hereto as Exhibit "1." Defendant hereby gives notice of such removal in



Blumberg No. 5208

EXHIBIT

"D"

accordance with the provisions of federal law. By virtue of said law, this case is now removed and further proceedings in the Superior Court of Fulton County are stayed.

This 2/ day of May, 2005.

Respectfully submitted,

THURBERT E. BAKER 033887
Attorney General

KATHLEEN M. PACIOUS 558555
Deputy Attorney General

JOHN C. JONES 401250
Senior Assistant Attorney General

RALPH W. ELLIS 295840
Assistant Attorney General

Attorneys for Defendants

Please serve:

RALPH W. ELLIS
Assistant Attorney General
40 Capitol Square, S.W.
Atlanta, Georgia 30334-1300
(404) 656-3370 - PHONE
(404) 651-6920 - FAX

## CERTIFICATE OF SERVICE

I do hereby certify that I have this day served the within and foregoing **NOTICE OF REMOVAL**, prior to filing the same, by depositing a copy thereof, postage prepaid, in the United States Mail, properly addressed upon:

> Lorna Sills Katica, Esq.
> Katica Law Group, L.L.C.
> One Alliance Center
> 3500 Lenox Road
> Suite 1500
> Atlanta, Georgia 30326

This 27 day of May, 2005.

RALPH W. ELLIS                    295840

## CERTIFICATE OF SERVICE

I do hereby certify that I have this day served the within and foregoing **DISTRICT COURT NOTICE OF REMOVAL**, prior to filing, by depositing a copy thereof, postage prepaid, in the United States Mail, properly addressed to the following:

Lorna Sills Katica, Esq.
Katica Law Group, L.L.C.
One Alliance Center
3500 Lenox Road
Suite 1500
Atlanta, Georgia 30326

This 27 day of May, 2005.

RALPH W. ELLIS                     295840
Assistant Attorney General